# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANDRA CHRISTINE PLUMA,

    Plaintiff,

v.                                                          CIV 17-0950 KBM

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security Administration,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum (*Doc. 21*) filed on February 5, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4, 7, 12.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be granted.

**I.    Procedural History**

On September 24, 2013, Ms. Sandra Pluma (Plaintiff) filed applications with the Social Security Administration for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (SSA), and for Supplemental Security Income under Title XVI of the SSA. Administrative Record[1] (AR) at 193-202. Plaintiff alleged a disability onset date of January 1, 2008. AR at 193, 197. Disability

---

[1] Document 16-1 contains the sealed Administrative Record. *See Doc. 16-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 52-80) and on reconsideration (AR at 81-108). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of her applications. AR at 138-39.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 26-51. ALJ Henry Koltys issued an unfavorable decision on July 1, 2016. AR at 15-25. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 191-92), which the council denied on July 17, 2017 (AR at 1-5). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.  Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Commissioner must use a sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) meet or equal one of the listings in Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the

assessment of the claimant's residual functional capacity (RFC), she is unable to perform her past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of her medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given [her] age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988) (internal citation omitted)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[2] ALJ Koltys found that Plaintiff "has not engaged in substantial gainful activity since January 1, 2008, the alleged onset date." AR at 13 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: osteoarthritis and allied disorders; depression; learning disorder; and drug and alcohol dependence." AR at 14 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 15 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step

---

[2] ALJ Koltys first found that Plaintiff "meets the insured status requirements of the Social Security Act through September 30, 2008." AR at 13.

3

Four, the ALJ found that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" the ALJ did not find Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms . . . entirely consistent with the medical evidence and other evidence in the record . . . ." AR at 18. The ALJ considered the evidence of record and found that Plaintiff

> has the residual functional capacity to perform light work . . . except that [she] can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She cannot climb ladders, ropes, or scaffolds. She can occasionally reach overhead with her right upper extremities, push/pull with foot controls using her right lower extremity, and push/pull with hand controls using her right upper extremity. She must avoid concentrated exposure to extreme cold, hazards such as dangerous machinery and unprotected heights, and pulmonary irritants such as fumes, odors, gases, and poor ventilation. She is further limited to simple, repetitive tasks.

AR at 17. ALJ Koltys found that Plaintiff "is unable to perform any past relevant work." AR at 20 (citing 20 C.F.R. §§ 404.1565, 416.965). Instead, Plaintiff "would be able to perform the requirements of representative occupations such as machine operator . . . , assembler . . . , and clerk." AR at 21 (citations omitted). The ALJ ultimately determined that Plaintiff is not disabled. AR at 21.

### III.     Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005) (internal citation omitted)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172 (internal quotation omitted)). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (internal quotation omitted) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and quotations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200 (internal quotation omitted)).

**IV. Discussion**

Plaintiff makes only one argument in her motion: she contends that the ALJ erred in his use of the Grids "by mechanically applying the age category in a borderline situation." *Doc. 21* at 1. At Step Five of the sequential evaluation process, the Commissioner "has the burden to show there are other jobs a claimant can adjust to that exist in significant numbers in the national economy." *Polson v. Astrue*, 508 F. App'x 705, 708 (10th Cir. 2013) (citing *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998)). "This burden can be met either by (1) the testimony of a VE, or (2) by reference to the Grids." *Id.* (citing *Daniels*, 154 F.3d at 1132). "The [G]rids are matrices of the four

5

factors identified by Congress – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Id.* (quoting *Daniels*, 154 F.3d at 1132 (internal quotation marks and citations omitted)).

With respect to the age matrix, "[t]he Commissioner has established three age categories: younger person (under age 50), person closely approaching advance[d] age (50-54), and person of advanced age (55 and over)." *Albrecht v. Colvin*, No. 12-1169-SAC, 2013 WL 3449195, at *2 (D. Kan. July 9, 2013) (citing 20 C.F.R. § 404.1563(c)-(e)). "These age categories impact the finding of disabled or not disabled because they approximate an individual[']s ability to adjust and adapt to a new work environment." *Hanks v. Astrue*, No. 07-CV-00788-WDM, 2008 WL 4059877, at *3 (D. Colo. Aug. 29, 2008) (citing 20 C.F.R. Part 404, Subpt. P, App'x 2, Rule 201.00(f)-(h)). "[T]o alleviate some of the arbitrariness in application of the age categories, 20 C.F.R. § 404.1563(b) 'provides a means of softening the edges of those categories.'" *Id.* (quoting *Daniels*, 154 F.3d at 1133).

Where a plaintiff is on the borderline between age categories, "the Commissioner must determine which of the categories on either side of the borderline best describes the claimant, and the Commissioner may apply that category in using the [G]rids." *Albrecht*, 2013 WL 3449195, at *3. "Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence." *Id.* (citing *Daniels*, 154 F.3d at 1136).

On the date ALJ Koltys issued his decision, Plaintiff was 54 years, 6 months, and 27 days old, or just over five months away from turning 55 years old. *Doc. 21* at 4.

6

Plaintiff argues that because she was "within a few days to a few months of reaching an older age category" on the date of the ALJ's decision, she was in a borderline situation and the ALJ erred in not discussing which age category was appropriate. *Id.*; *see also* 20 C.F.R. § 404.1563(b). Because Plaintiff made claims under Title II and Title XVI, there are two relevant dates in this case. Where "a claimant seeking DIB [under Title II] 'last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured.'" *Wilson v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-464-BMJ, 2017 WL 722052, at *2 (W.D. Okla. Feb. 23, 2017) (quoting SSR 83-10, 1983 WL 31251, at *8 (Jan. 1, 1983)). *Id.* (quoting *Byers v. Astrue*, 506 F. App'x 788, 790 (10th Cir. 2012)). SSR 83-10 provides:

> Under title II, a period of disability cannot begin after a worker's disability insured status has expired. When the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last insured. In these situations, the person's age at the time of decisionmaking is immaterial.

SSR 83-10, 1983 WL 31251, at *8. On the other hand, for a claimant seeking SSI under Title XVI, her "age on the date of the ALJ's decision is the relevant date." *Wilson,* 2017 WL 722052, at *2

Plaintiff last met the insured status requirement on September 30, 2008. AR at 13. Plaintiff's date of birth is December 4, 1961 (AR at 207), which made her a few months shy of 47 years old on the date she was last insured. At 47 years old, Plaintiff was safely in the younger person age category (under age 50). 20 C.F.R. § 404.1563(c). Thus, the Court finds that the ALJ did not err in determining Plaintiff's age category with respect to her DIB claim.

The Court reaches a different result for Plaintiff's SSI claim. The Commissioner admits that, had Plaintiff been 55 years old at the time of the decision, the Grids would have directed a finding of disabled for the higher age category "unless she had transferable skills." *Doc. 23* at 7. Because "[t]he POMS states that there is no precise definition for 'within a few days to a few months,' but '[c]onsider[s] . . . it to mean a period not to exceed six months'" (*Doc. 23* at 6 (quoting POMS DI 25015.006B, https://secure.ssa.gov/poms.nsf/lnx/0425015006)), and because the HALLEX "states that '[t]he word "few" should be defined using its ordinary meaning, e.g., a small number'" (*id.* at 6-7 (quoting HALLEX I-2-2-42.B.1, https://www.ssa.gov/OP_Home/hallex/I-02/I-2-2-42.html)), the Commissioner argues that the ALJ was not "*required* to find a borderline age situation" in this instance. *Id.* at 7. The HALLEX definition goes on, however, to mirror the wording in the POMS: "Generally, SSA considers a few days to a few months to mean a period *not to exceed six months*." HALLEX I-2-2-42.B.1 (emphasis added).

Instead, the Commissioner urges the Court to find that "[t]he ALJ was aware of Plaintiff's age," as he "specifically not[ed] her birthday." *Doc. 23* at 7 (citing AR at 20). The Court finds this argument unavailing. *See Lawton v. Colvin*, No. 13-CV-01774-PAB, 2015 WL 1509513, at *5 (D. Colo. Mar. 30, 2015) ("The Court cannot infer from the ALJ's mention of plaintiff's birthday that the ALJ properly considered whether plaintiff's case was a borderline situation. On remand, the ALJ can make such a determination.").

Courts in several cases have found that an ALJ erred by failing to address a borderline age situation where claimants were approximately five months from the next age category. *See Cox v. Apfel*, No. 98-7039, 1998 WL 864118, at *4 (10th Cir.

8

Dec. 14, 1998) ("six months [from] the next age category" is a borderline situation that the ALJ must address); *Wilson v. Comm'r of Soc. Sec. Admin.*, No. CIV-16-464-BMJ, 2017 WL 722052, at *3-4 (W.D. Okla. Feb. 23, 2017) (five and a half months); *Welch v. Astrue*, No. 09-1411-SAC, 2010 WL 5288205, at *5 (D. Kan. Dec. 15, 2010) (five and a half months); *Strauser v. Astrue,* Case No. 08-1395-JTM, Doc. 14 at 14-17 (D. Kan. Feb. 2, 2010) (five months) (cited in *Albrecht*, 2013 WL 3449195, at *4); *Damian v. Barnhart*, No. 06-1132-JTM, 2007 WL 1223912, at *3 (D. Kan. Mar. 26, 2007) (five months).

The Commissioner cites *Byers* in support of her position, noting that the Tenth Circuit stated that it was "unaware of any circuit court decision, other than *Cox*, finding a borderline situation when the claimant is beyond four months from the next highest age category." *Doc. 23* at 9 (quoting *Byers*, 506 F. App'x at 791 (citation omitted)). However, the *Byers* Court remanded for further proceedings because it was unable to determine whether the ALJ would have found the plaintiff disabled if the ALJ had considered that the plaintiff "was five-and-a-half months short of advanced age." *Byers*, 506 F. App'x at 791.

The Court finds *Byers* relevant and persuasive. Here, Plaintiff was in a borderline situation, and there is no evidence that the ALJ considered it. The Commissioner argues, "Plaintiff has not shown that a borderline age analysis would necessarily result in a finding of disability." *Doc. 23* at 9. Specifically, the Commissioner notes that "Plaintiff has not alleged that she had any additional vocational adversities" that would be relevant to the use of a higher age category. *Id.* at 10. "The Commissioner confuses the parties' respective burdens. 'Application of [the appropriate age category] is a step-

9

five issue, and the burden generally is on the Commissioner at step five.'" *Lawton*, 2015 WL 1509513, at *5 (quoting *Daniels*, 154 F.3d at 1134). The Court finds remand for an adequate determination of the appropriate age category is critical, particularly where, as here, there may be evidence of additional vocational adversities – e.g., the ALJ found that Plaintiff has a "limited education." *See* POMS DI 25015.006(E)(1)(b); *see also Sparkman v. Colvin*, No. CIV-14-51-M, 2014 WL 7366017, at *5 (W.D. Okla. Dec. 24, 2014).

## V. Conclusion

Plaintiff's age creates a borderline situation for her SSI claim, and it was the Commissioner's burden to show that Plaintiff was placed in the appropriate age category under the Grids. The ALJ failed to do so, and the Court will remand for an express determination of the issue.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand to Agency for Rehearing, with Supporting Memorandum (*Doc. 21*) is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent